IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| LUIS AGUILAR-GIRON, | ) |
| | ) Bankruptcy No. 10-02596 |
| Debtor. | ) |

## ORDER RE U.S. TRUSTEE'S MOTION TO EXAMINE COMPENSATION

This matter came before the undersigned at a hearing on October 19, 2010 on the U.S. Trustee's Motion for Examination of Compensation Paid to the Debtor's Former Bankruptcy Counsel. Attorney John Schmillen appeared for the U.S. Trustee's Office. Attorney Steven Klesner appeared for Debtor Luis Aguilar-Giron. After hearing arguments of counsel, the Court took this matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(A) or (B).

## Statement of the Case

This is the third case in which the U.S. Trustee has requested an examination of the compensation paid in a case that involved Attorney Philbert J. Turvin as Debtor's bankruptcy counsel. In this case and the others, Mr. Turvin allegedly took compensation but did not perform the work promised in return for the compensation. After hearing the evidence and arguments, the Court concludes that the compensation paid to Mr. Turvin should be disgorged.

## Findings of Fact

As in the previous cases, Mr. Turvin did not appear at the hearing to offer any testimony, exhibits, or arguments. The U.S. Trustee offered exhibits which this Court received without objection. The Court also solicited and received professional statements from Attorneys John Schmillen, Assistant U.S. Trustee, and Steven Klesner, who now serves as attorney for Debtor.

The Court relies upon the exhibits and statements offered. Debtor's new counsel, Steven Klesner, filed this Chapter 7 bankruptcy case on September 16, 2010. This is Debtor's second filing. Debtor's first case was dismissed when Turvin, his previous attorney, failed to pay the filing fee on the Court-ordered timetable.

Before Mr. Klesner filed Debtor's present Chapter 7 case, Debtor hired and paid Turvin. Turvin quoted $1,300 as his rate to file the case and represent Debtor. Turvin filed the first Chapter 7 case for Debtor on December 12, 2008. Turvin then applied to pay the filing fee in installments under Local Rule 1006-1. Local Rule 1006-1 allows for the payment of a filing fee in installments as long as the fee is paid in full before the attorney accepts any compensation from the debtor.[1] During the pendency of the case, Turvin signed at least two submissions to the Court affirming his knowledge of and intent to comply with the rule. In his application to pay the filing fee in installments, Turvin swore that he would not accept any money or property from the debtor until the filing fee was paid in full. On December 12, 2008, the Court granted the fee-installment application. The Order specifically restated the rule as follows:

> [U]ntil the filing fee is paid in full the debtor shall not pay, and no person shall accept, any money for services in connection with this case; the debtor shall not relinquish, and no person shall accept, any property as payment for services in connection with this case.

Additionally on December 20, 2008, Turvin filed a Disclosure of Compensation of Attorney For Debtor in which he stated that he was to receive $1,000 as compensation, paid in

---

[1] Rule 1006-1 PAYMENT OF FILING FEE IN INSTALLMENTS: (a) On application by an individual debtor, the clerk may sign an order permitting the debtor to pay the filing fee in installments if the application provides for: (1) installments of nearly equal amounts; (2) payment of the initial installment with the filing of the petition or within 31 days thereafter; (3) subsequent installments at no more than 31-day intervals after the initial installment until the fee is fully paid; and (4) the application states that the debtor has neither paid any money nor transferred any property to an attorney or any other person for services in connection with the case.

2

installments by the debtor, "commencing after filing fee paid." This Disclosure also stated that he had not yet received any compensation. Nearly all of these statements by Turvin were false. A receipt Turvin provided to the Debtor shows that on December 13, 2008, Turvin had already received at least $650 from the Debtor. This is seven days before his Disclosure, filed with the Court stating he had received no compensation. The other $650 of the fee to complete the $1,300 total was paid at a different time. No portion of the filing fee was ever paid and the case was dismissed for that reason on January 22, 2009. After Debtor's case was dismissed, Turvin misled the Debtor about the circumstances of the dismissal and persuaded him to pay another $550 to file a new case. No new case was ever filed. Debtor thus paid Turvin $1,850 or $1,900 (total from Debtor's exhibits) and received nothing in return.

On August 24, 2010, this Court received notice that Turvin's license was in retired/inactive status. In the first case and second cases filed in this District regarding Turvin's mishandling of client matters[2], the parties demonstrated that numerous attempts had been made to contact Turvin regarding his improper retention of unearned compensation—or to obtain an explanation. The parties demonstrated that none of these efforts had been successful. Debtor made the same showing in this case. It appears Turvin shut down his practice suddenly, moved his license to retired/inactive status, and kept all the money paid by his clients for bankruptcy cases whether he did the work or not.

## Conclusions of Law

Reasonableness of Fees

Bankruptcy courts award fees under 11 U.S.C. § 330(a). Fees are awarded for "actual

---

[2] Two similar cases which precede this case are: In re Rojas-Neira, No. 10-01506, Slip Copy, 2010 WL 4272915 (Bankr. N.D. Iowa 2010); In re Ayala, No. 10-02554 (Bankr. N.D. Iowa 2010).

[and] necessary" services. Stalnaker v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004). "The bankruptcy court has broad power and discretion to award or deny attorney fees under § 330(a)." In re H & W Express Co., 2008 WL 5244924 (Bankr. N.D. Iowa 2008) (citing In re Clark, 223 F.3d 859, 863 (8th Cir. 2000)); Fed. R. Bankr. Proc. 2017.

When a fee paid to an attorney exceeds the reasonable value of services rendered, the Court may "cancel any such agreement, or order the return of any such payment, to the extent excessive, to the estate, if the property transferred (a) would have been property of the estate . . . ." 11 U.S.C. § 329(b). On its own motion the court may, after notice and hearing, determine whether payments made to an attorney by a debtor, before or after the order for relief, are excessive. Fed. R. Bankr. Proc. 2017.

Duties of Attorneys

Attorneys are charged with knowledge of the Bankruptcy Code provisions that govern fees and disclosure requirements. In re Lewis, 309 B.R. 597, 604 (Bankr. N.D. Okla. 2004). Lack of knowledge is not an excuse for failing to comply with disclosure requirements. In re Midway Indus. Contractors, Inc., 272 B.R. 651, 665 (Bankr. N.D. Ill. 2001).

While Local Rule 1006-1 allows for the payment of filing fees in installments, the entire fee must be paid before an attorney can accept compensation from a debtor. The transfer of money or property from the debtor to an attorney before the full payment of the filing fee violates Local Rule 1006-1 and is itself grounds for disgorgement of all fees paid. Lewis, 309 B.R. at 607-08.

Federal Rule of Bankruptcy Procedure 9011 states that an attorney who signs, files, submits, or later advocates a petition, pleading, written motion or other paper certifies that the

factual assertions contained therein have or are likely to have "evidentiary support." Fed. R. Bankr. Proc. 9011(b)(3).

## Analysis

The record indicates Turvin charged Debtor $1,300 for a Chapter 7 case he filed but which was dismissed for failure to pay the filing fee. This resulted in no benefit to Debtor for the $1,300 he paid. Turvin then somehow persuaded the Debtor to pay another $550 to file a new case. Such a case was never filed. None of Turvin's paperwork filed in the first case has benefited the Debtor in any way. His new attorney, Mr. Klesner, specifically stated that the first filing was of no benefit to Debtor and saved no work or time in preparing the current case. Instead, Mr. Turvin's lack of diligence and his misrepresentations have delayed bankruptcy relief for the Debtor and have wrongfully deprived him of funds. The reasonable value of Mr. Turvin's services to Debtor is $0.

While the lack of value of the services is enough, by itself, to disgorge the fees, the Court notes Turvin also appears to have entirely failed to fulfill many of his duties to the Court and his client. As an attorney who submitted an application for payment of the filing fee in installments and signed a disclosure statement stating that compensation would not be paid until after the filing fee was paid in full, Turvin certified to the Court his knowledge of and intent to comply with the rules of this Court. In accepting compensation from the Debtor the day after the order granting his application to pay the filing fee in installments Turvin knew or should have known that he was in violation of an order of this Court and Local Rule 1006-1.

By signing the Disclosure of Compensation seven days after receiving $650 from Debtor, Turvin violated Rule 9011 by signing a statement that he knew or should have known was false.

Such false statement is enough to justify disgorgement of all fees.  Lewis, 309 B.R. at 608; See In re Redding, 263 B.R. 874, 880 (B.A.P. 8th Cir. 2001) ("It is well settled that disgorgement of fees is an appropriate sanction for failure to comply with the disclosure requirements of § 329 and Rule 2016.")

In this case, as in the others, Turvin has engaged in serious misconduct.  Here, he lied repeatedly to his client and the Court.  His conduct violates several of the Iowa Rules of Professional Conduct: 32:1.1 Competence; 32:1.16(d) Declining or Terminating Representation; 32:3.3(a)(1) Candor Toward The Tribunal; 32:8.4(c) Misconduct—including the most basic and critical duties as a fiduciary and officer of the court.  Like the other cases, this will be referred to the proper licensing and disciplinary authorities for further review of this unacceptable conduct.

**WHEREFORE**, U.S. Trustee's Motion for Examination of Compensation Paid to Debtor's Counsel is GRANTED.

**FURTHER**, the Court orders Attorney Philbert J. Turvin to return $1,850 of the fees paid to him.

**FURTHER**, the Clerk's Office is to serve this Order as noted above.  In particular, the Clerk's Office is to send a copy of this Order to the following parties:  Debtor at his last known address on file; Attorney Steven Klesner, P.O. Box 3400, Iowa City, IA 52244; Attorney Philbert J. Turvin, P.O. Box 1517, Iowa City, IA 52244; Chapter 7 Trustee Sheryl Schnittjer; U.S. Trustee; and the Client Security Commission, Judicial Branch Building, 1111 East Court Avenue, Des Moines, IA 50319.

**FURTHER,** the Clerk's office is to serve a copy of this order to the following for those bodies to determine the effect on Mr. Turvin's current and future licensing status:

6

Clerk of Court
United States District Court
Northern District of Iowa
4200 C. Street SW
Cedar Rapids, IA 52404

Clerk of Court
United States District Court
Southern District of Iowa
P.O. Box 1944
Des Moines, IA 50306-9344

The Honorable Linda R. Reade
Chief District Judge
U.S. Courthouse
4200 C. Street SW
Cedar Rapids, IA 52404

The Honorable Robert W. Pratt
Chief District Judge
U.S. Courthouse
123 East Walnut Street, 2nd Floor
Des Moines, IA 50309-2035

Clerk of the Supreme Court of Iowa
Judicial Branch Building
1111 E. Court Avenue
Des Moines, IA 50319

Dated and Entered:

December 2, 2010.

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE